UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 15-00369-JGB (KKx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | | |
|---|---|---|---|
| Deb Taylor | None | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Applicant: | Attorneys Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers)** Order: Granting in Part and Denying in Part Plaintiff's Motion to Compel and for Sanctions (ECF No. 31)

## I.
## SUMMARY OF RULING

For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel Defendant Michael Kors Stores (California), Inc. to provide further responses to Requests for Production, Set One, Nos. 2-5, 7 and for Sanctions as Expenses in the Sum of $1,580.00 ("Motion"), filed on July 9, 2015.

The hearing set for July 30, 2015 (Dkt. 31), is hereby **VACATED**.

## II.
## RELEVANT PROCEDURAL BACKGROUND

On December 23, 2014, Plaintiff Pamela Thomas-Byass ("Plaintiff") filed a Class Action Complaint in San Bernardino Superior Court against Defendant Michael Kors Stores (California), Inc. ("Defendant") on behalf of herself and all persons who are or previously were employed by Defendant as Shop Managers in California and were classified as exempt from overtime wages. ECF Docket No. ("Dkt.") 5 at 7-41. The Complaint alleged: (1) unfair competition in violation of California Business and Professions Code §§ 17200, *et seq.*; (2) failure to pay overtime compensation in violation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

of California Labor Code §§ 510, 1194, and 1198, *et seq.*; (3) failure to provide accurate itemized statements in violation of California Labor Code § 226; (4) failure to reimburse employees for required expenses in violation of California Labor Code § 2802; and (5) failure to provide wages when due in violation of California Labor Code §§ 201, 202, and 203.  *Id.*  On February 27, 2015, Defendants removed the action to this Court.  Dkt. 1.

On April 6, 2015, Plaintiff served Requests for Production, Set One.  Dkt. 31-2 at 4-17.

On April 28, 2015, Plaintiff filed a Motion for Leave to file a First Amended Complaint amending the class definition to include all persons who are or previously were employed by Defendant in California classified as non-exempt employees and alleging (1) unfair competition in violation of California Business and Professions Code §§ 17200, *et seq.*; (2) failure to pay overtime wages in violation of California Labor Code §§ 510, *et seq.*; (3) failure to provide accurate itemized statements in violation of California Labor Code § 226; (4) failure to provide wages when due in violation of California Labor Code §§ 201, 202, and 203; and (5) violation of the Private Attorneys General Act [Labor Code §§ 2698, *et seq.*].  Dkt. 21.

On May 11, 2015, Defendant served responses and objections to Plaintiff's Requests for Production, Set One.  Dkt. 31-2 at 18-49.  The parties exchanged various emails and letters related to alleged deficiencies in Defendant's responses beginning with a letter from Plaintiff on May 28, 2015.  *Id.* at ¶ 5.  The parties met and conferred on the phone on June 8.  *Id.* at ¶ 6.  On June 29, 2015, Plaintiff submitted her portion of the Joint Stipulation in order to compel further responses.  Dkt. 31-3 at ¶ 7.

On July 1, 2015, the Court granted Plaintiff leave to file the First Amended Complaint, and the First Amended Complaint was filed on July 2, 2015.  Dkt. 28, 29.

On July 9, 2015, Plaintiff filed the instant Motion to Compel and for Sanctions.  Dkt. 31.  Plaintiff also filed supporting declarations and exhibits, including a Joint Stipulation setting forth the position of the parties regarding Requests for Production Nos. 2-5 and 7.  Dkt. 31-1 (Joint Stipulation ("Joint Stip.")), 31-2 (Declaration of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

Victoria Rivapalacio ("Rivapalacio Decl.")), 31-3 (Declaration of Jon Meer ("Meer Decl.")).

On July 16, 2015, Plaintiff filed a Supplemental Memorandum regarding the Motion to Compel along with a Supplemental Declaration of Victoria Rivapalacio ("Suppl. Rivapalacio Decl."). Dkt. 32.

Also on July 16, 2015, Defendant filed a Supplemental Brief in Support of its Opposition to the Motion to Compel along with a Declaration of Jill A. Porcaro ("Procaro Decl."). Dkt. 33.

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978) (citation omitted). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

Rule 26(b)(2)(C) allows the Court to limit discovery so as to avoid cumulation, duplication, harassment, expense and burdensomeness. *See* Fed. R. Civ. P. 26(b)(2)(C). The Court "*must* limit" the use of discovery methods otherwise permitted if the Court determines the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

Rule 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1). Additionally, under Rule 37(a)(5), if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, the Court must require the party whose conduct necessitated the filing of the motion to pay reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(a)(5). However, the Court must not order payment if the nondisclosure was substantially justified or if other circumstances make an award unjust. *Id.*

# IV.
# DISCUSSION

**A.    Plaintiff's Motion to Compel Further Responses to Request for Production Nos. 2,4, and 7 is Granted**

   **1.    Background**

Request for Production No. 2 seeks "all payroll records" for the Plaintiff. Rivapalacio Decl. at 9.

Request for Production No. 4 seeks "DOCUMENTS sufficient to evidence the hours worked by PLAINTIFF during the RELEVANT TIME PERIOD." The RELEVANT TIME PERIOD is defined as December 23, 2010 to the present. *Id.* at 8-9.

Request for Production No. 7 seeks "all DOCUMENTS contained in any time recording system which evidence or reflect the time records for PLAINTIFF." *Id.* at 10.

Each of these requests requires the documents be produced "in electronic, excel spreadsheet format." *Id.* at 9-10.

Defendant has produced a "Time Card Report" for September 1, 2012 through December 7, 2014, which was printed on January 22, 2015 and produced as a PDF. Rivapalacio Decl. at 179-187. Defendant maintains it has produced its electronic records "as they were kept in the ordinary course of business." Meer Decl. at ¶ 4. Defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

sole remaining objection is there no obligation to create electronic records. Joint Stip. at 18-20.

    2.    **Analysis**

Pursuant to Fed. R. Civ. P. Rule 34 (b)(2)(E)(ii), "a party must produce [electronically stored information] in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." *Id.* The advisory committee's comments to the 2006 amendment further clarify the obligations of a responding party:

> The rule does not require a party to produce electronically stored information in the form it which it is ordinarily maintained, as long as it is produced in a reasonably usable form. But the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Fed. R. Civ. P. 34 advisory committee's note (2006).

Here, it is apparent Defendant maintains payroll and timecard information electronically. On January 22, 2015, Defendant used a payroll or bookkeeping program to run a "Time Card Report" and printed in a PDF format. Rivapalacio Decl. at 179-187. This is an eight-page document that appears to have been printed from Defendant's payroll or bookkeeping software, which contains electronically stored data regarding Plaintiff's salary and hours worked. *Id.* Defendant has not stated that it would be unable or overly burdensome to export the information in its payroll system to an excel spreadsheet. *See* Meer Decl. Defendant argues it is not required to maintain duplicates of itemized wage statements, because it maintains a computer-generated record that accurately shows all of the information required by California Labor Code § 226(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

Joint Stip. at 23. However, Defendant's objection to creating electronic records is undermined, because it created an electronic record when it used a payroll program to create a report in PDF format. Defendant produced the PDF document in lieu of producing the electronically stored information in the format requested by Plaintiff.

The information regarding payroll records and time/hours worked records sought is relevant in this wage and hour dispute. The request to provide the electronically stored information in excel spreadsheet format (i.e. "reasonably usable form") is consistent with Fed. R. Civ. P. 34, because it will give Plaintiff the ability to search, sort and filter the information.

Therefore, the Court **GRANTS** Plaintiff's Motion for production of excel spreadsheets as requested in Requests Nos. 2, 4, and 7. Defendant shall produce the requested spreadsheets no later than July 31, 2015.

## B. Plaintiff's Motion to Compel Further Responses to Request for Production No. 3 is Denied

### 1. Background

Request for Production No. 3 seeks "all itemized wages statements of PLAINTIFF." Rivapalacio Decl. at 9.

Defendant objects on the basis that (a) Defendant has produced all wage statements in its possession, (b) Plaintiff has not established Defendant has control over its payroll vendor, and (c) Plaintiff has password protected access to her payroll statements. Joint Stip. at 20-22.

### 2. Analysis

Pursuant to Fed. R. Civ. P. 26(b)(2)(C)(i), the Court "*must* limit" the use of discovery methods otherwise permitted if the Court determines the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* (emphasis added). Plaintiff has not alleged she does not have access to her wage statements. *See* Rivapalacio Decl. The Court finds it is more convenient, less

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

burdensome and less expensive for Plaintiff to obtain her wage statements than for Defendant to obtain them from a third-party vendor.[1]

Therefore, the Court **DENIES** Plaintiff's Motion for further responses to Request for Production No. 3.

### C. Plaintiff's Motion to Compel Further Responses to Request for Production No. 5 is Denied as Moot

#### 1. Background

Request for Production No. 5 seeks "[a]ll DOCUMENTS provided to PLAINTIFF by DEFENDANT which discuss, evidence or relate to the employment practices, policies or procedures of DEFENDANT." Rivapalacio Decl. at 9. While the Request for Production is limited to policy documents relating to Plaintiff, Plaintiff's Motion appears to also seek "Job Descriptions for the class members." *Id.* at 18. Plaintiff argues these documents are necessary to determine class certification. *Id.* at 17-18.

Defendant agreed to produce the following policy documents relating to Plaintiff: (1) Employee Handbook (including Loss Prevention, Equipment, and Vacation Policies); (2) Shop Manager Bonus Plan; and (3) Clothing Allotment Terms. Joint Stip. at 22.

On July 8, 2015, Defendant produced the policy documents responsive to Request for Production No. 5. Suppl. Rivapalacio Decl. at ¶ 3.

#### 2. Analysis

Thus, Request for Production No. 5 is no longer at issue and the Court **DENIES** Plaintiff's Motion as moot.

Policy documents relating to other class members are beyond the scope of Request for Production No. 5, which is limited to documents relating to Plaintiff. To the extent Plaintiff's Motion seeks documents relating to other class members at this time, the Court **DENIES** Plaintiff's Motion for such documents.

---

[1] Based on this finding, it is not necessary for the Court to reach the issue at this time of whether Defendant has "control" over its payroll vendor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 15-00369-JGB (KKx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

**D.     Plaintiff's Motion for Sanctions is Denied**

Plaintiff requests sanctions of $1,580.00 pursuant to Rule 37(a)(5)(A), based on expenses incurred in bringing the instant Motion to Compel. *See* Dkt. 31-1 at 23.

Pursuant to Fed. R. Civ. P. 37(a)(5)(C), if a motion is granted in part and denied in part, the court "may . . . apportion the reasonable expenses for the motion." *Id.* A court "must not order" payment of expenses if the objection is substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Applying this standard, the Court finds sanctions are not warranted, particularly where the law relating to electronic productions is not well settled.[2] Hence, the Court also **DENIES** Plaintiff's Motion for Sanctions.

## V.
## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel and for Sanctions as Expenses in the Sum of $1,580 is **GRANTED IN PART AND DENIED IN PART** as detailed above.

---

[2] The Court cautions the parties that sanctions are generally mandatory where the motion is granted, or denied in its entirety. Fed. R. Civ. P. 37(a)(5)(A) and (B). Additionally, sanctions are available when the parties fail to adequately comply with the applicable Local Rules (*e.g.* Local Rule 37-1's requirement of an adequate pre-filing conference of counsel). Local Rule 37-4.