UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 15-00369-JGB (KKx) | Date | September 22, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Applicant: | Attorneys Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order: (1) Granting in Part and Denying in Part Plaintiff's Motion to Compel (ECF No. 38); (2) Denying Plaintiff's Motion for Sanctions; and (3) Denying Defendant's Motion for Sanctions.**

## I.
## SUMMARY OF RULING

For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel Defendant Michael Kors Stores (California), Inc. ("Defendant") to provide further responses to Requests for Production, Set Two, Nos. 32, 33, 35, and 37-39 ("Motion") filed on August 20, 2015. The Court **DENIES** Plaintiff's Motion for Sanctions as expenses in the sum of $2,370.00. The Court **DENIES** Defendant's Motion for Sanctions as expenses in the sum of $4,850.00.

The hearing set for September 24, 2015 (Dkt. 38), is hereby **VACATED**.

## II.
## RELEVANT PROCEDURAL BACKGROUND

On December 23, 2014, Plaintiff Pamela Thomas-Byass ("Plaintiff") filed a Class Action Complaint in San Bernardino Superior Court against Defendant Michael Kors Stores (California), Inc. ("Defendant") on behalf of herself and all persons who are or previously were employed by Defendant as Shop Managers in California and were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | September 22, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

classified as exempt from overtime wages. ECF Docket No. ("Dkt.") 5 at 7-41. The Complaint alleged: (1) unfair competition in violation of California Business and Professions Code §§ 17200, *et seq.*; (2) failure to pay overtime compensation in violation of California Labor Code §§ 510, 1194, and 1198, *et seq.*; (3) failure to provide accurate itemized statements in violation of California Labor Code § 226; (4) failure to reimburse employees for required expenses in violation of California Labor Code § 2802; and (5) failure to provide wages when due in violation of California Labor Code §§ 201, 202, and 203. *Id.* On February 27, 2015, Defendants removed the action to this Court. Dkt. 1.

On April 28, 2015, Plaintiff filed a Motion for Leave to file a First Amended Complaint amending the class definition to include all persons who are or previously were employed by Defendant in California classified as non-exempt employees and alleging (1) unfair competition in violation of California Business and Professions Code §§ 17200, *et seq.*; (2) failure to pay overtime wages in violation of California Labor Code §§ 510, *et seq.*; (3) failure to provide accurate itemized statements in violation of California Labor Code § 226; (4) failure to provide wages when due in violation of California Labor Code §§ 201, 202, and 203; and (5) violation of the Private Attorneys General Act [Labor Code §§ 2698, *et seq.*]. Dkt. 21. On July 1, 2015, the Court granted Plaintiff leave to file the First Amended Complaint ("FAC"), and the FAC was filed on July 2, 2015. Dkt. 28, 29.

On June 9, 2015, Plaintiff served a second set of Requests for Production ("Requests"). Dkt. 38-2, Declaration of Victoria Rivapalacio in support of Motion ("Rivapalacio Decl."), Ex. 1. On July 13, 2015, Defendant served Responses to Plaintiff's Requests ("Responses"). Rivapalacio Decl., ¶ 4, Ex. 2.

On July 17, 2015, Plaintiff sent Defendant correspondence requesting to meet and confer pursuant to Local Rule 37-1 and attached a proposed notice pursuant to *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 556, 57 Cal. Rptr. 3d 197, 198 (2007) ("*Belaire* Notice"). Rivapalacio Decl., ¶¶ 5, 6, Exs. 3, 4. On July 28, 2015, the parties met and conferred telephonically. *Id.* at ¶ 7, Ex. 5. The parties were only able to resolve a dispute regarding Request 36. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | September 22, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

On August 20, 2015, Plaintiff filed a Joint Stipulation ("JS") on Plaintiff's Motion to Compel Defendant to (1) provide further responses to Requests for Production, Set Two, Nos. 32, 33, 35, and 37-39; (2) appear at a deposition on October 8, 2015; and (3) for Sanctions as expenses in the sum of $2,370.00. Dkt. 38. On August 27, 2015, Plaintiff filed a Supplemental Brief in support of her Motion, in which she withdrew her motion to compel Defendant's appearance at a deposition on October 8, 2015 ("P's Suppl."). Dkt. 45. Also, on August 27, 2015, Defendant filed a Supplemental Brief in opposition to the Motion ("Def.'s Suppl."). Dkt. 46.

On August 21, 2015, Defendant filed a Motion to Dismiss Plaintiff's First Amended Class Action Complaint ("Motion to Dismiss"). Dkt. 41. On September 16, 2015, the Court denied Defendant's Motion to Dismiss, holding Plaintiff sufficiently pleaded each of her five causes of action. Dkt. 53.

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978) (citation omitted). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

Rule 26(b)(2)(C) allows the Court to limit discovery so as to avoid cumulation, duplication, harassment, expense and burdensomeness. *See* Fed. R. Civ. P. 26(b)(2)(C). The Court "*must* limit" the use of discovery methods otherwise permitted if the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | September 22, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

determines the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added).

Rule 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1). Additionally, under Rule 37(a)(5), if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, the Court must require the party whose conduct necessitated the filing of the motion to pay reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(a)(5). However, the Court must not order payment if the nondisclosure was substantially justified or if other circumstances make an award unjust. *Id.*

## IV.
## PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION IS GRANTED IN PART

Plaintiff seeks (1) "in electronic, Excel spreadsheet format, all payroll records, . . . identifying per pay period all wages paid and hours worked (i.e., information from each wage statement)" (Requests 32, 33) ("Payroll Records"); (2) "Documents sufficient to evidence Defendant's policies with respect to providing compensation, . . . including any changes and/or modifications to such policies within the RELEVANT TIME PERIOD" (Requests 35, 37) ("Policy Documents"); and (3) "in electronic, Excel spreadsheet format, Documents sufficient to evidence the names and dates of employment, last-known telephone numbers, last-known addresses and last-known email addresses" (Requests 38, 39) ("Contact Information"). Rivapalacio Decl., Ex. 1.

Plaintiff seeks these three categories of documents with respect to "all non-exempt employees employed by Defendant in California between December 23, 2010 and the present who" (1) "were subject to the CLOTHING ALLOTMENT POLICY, attached [to the Requests for Production] as Exhibit 1" (Requests 32, 35, 38); and (2) "held the job title 'Shop Manager'" (Requests 33, 37, 39). *Id.* The "CLOTHING ALLOTMENT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | September 22, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

POLICY" is defined in the Requests as "the Personal Appearance and Clothing Allotment Policy of Defendant, evidenced in the document attached as Exhibit 1 to these Requests for Production of Documents." *Id.* at 7.

A.  **PRELIMINARY MATTERS**

   1.  **Clothing Allotment Policy**

As a preliminary matter, Defendant objects to Requests 32, 35 and 38 on the grounds that the FAC does not refer to the Clothing Allotment Policy and discovery is therefore not relevant to the claims in the FAC. JS at 7; Def.'s Suppl. at 5-6. Defendant contends the class described in the FAC is limited to "Shop Managers." Id. However, the FAC defines the class exceptionally broadly to include all persons who are or previously were employed by Defendant in California classified as non-exempt employees at any time within the four-year statute of limitations. FAC at ¶ 22. The FAC states a claim for failure to pay overtime wages because Defendant "'maintained a uniform wage practice of paying' . . . an erroneous overtime rate which failed to account for employees' non-discretionary bonus pay." Dkt. 53, Order Denying Motion to Dismiss at 5; *see also* FAC at ¶¶ 5, 6, 64. It is a reasonable interpretation of this claim that the "non-discretionary bonus" described is the Clothing Allotment Policy. Defendant objects that Plaintiff's deposition testimony attempts to expand the class description to include non-exempt employees subject to the Clothing Allotment Policy. JS at 7; Def.'s Suppl. at 5-6. However, it appears the class described in the FAC is more broad than Plaintiff's Requests. Plaintiff's Requests are limited to "Shop Managers" and non-exempt employees subject to the same Clothing Allotment Policy as Plaintiff. Rivapalacio Decl., Ex. 1. Therefore, the Court finds the putative class described in the FAC may reasonably include non-exempt employees subject to the same Clothing Allotment Policy as Plaintiff.

Defendant objects to producing documents regarding non-exempt employees subject to Defendant's Clothing Allotment Policy, because "there are more than 3,000 non-exempt employees in California subject to Defendant's Clothing Allotment Policy, and these employees' applicable compensation policies vary depending on the type of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | September 22, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

store in which they work (a shop in shop location or a standalone lifestyle, outlet or collection store) and the nature of their position." JS at 35. Ms. Torres, Defendant's Payroll Administrator, provides a declaration explaining: "From December 23, 2010 through the present, Defendant has employed in excess of 3,000 non-exempt employees in California who are (or were) eligible to exercise their option to participate in receiving various Michael Kors' products free of charge, which Michael Kors provides as a fringe benefit to its employees working in its retail establishments, pursuant to *various versions* of Defendant's Clothing Allotment policy." Dkt. 38-5, Declaration of Madelene Torres in support of Opposition ("Torres Decl.") at ¶ 3 (emphasis added).

However, Plaintiff's Requests only seek documents relating to non-exempt employees who are subject to the *specific* Clothing Allotment Policy attached as Exhibit 1 to the Requests. Rivapalacio Decl., Ex. 1. Defendant has not explained how many employees are subject to the same Clothing Allotment Policy, and therefore fails to establish production would be unduly burdensome.

### 2. Pre-Certification Class Discovery

Defendant argues generally Plaintiff is not entitled to pre-certification class discovery because Plaintiff has not made a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.

"Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985), *as amended* (Aug. 27, 1985). "Prior to certification of a class action, discovery is generally limited and in the discretion of the court." *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006). "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | September 22, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

the determination. . . . Where the necessary factual issues may be resolved without discovery, it is not required." *Kamm v. California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

In ruling on Defendant's Motion to Dismiss, the Court declined to address whether Plaintiff had made a prima facie showing that the class action requirements of numerosity, commonality or typicallity had been met. Dkt. 53 at 11. Notably, Plaintiff does not argue she has established a prima facie showing regarding the class action requirements. Plaintiff only argues she has established a prima facie *case*. P's Suppl. at 4. This Court declines to address the issue at this time and will permit only discovery likely to produce substantiation of the class allegations.

### B. PAYROLL RECORDS (REQUESTS 32, 33)

Plaintiff has not explained how the Payroll Records will substantiate the class allegations. Plaintiff cites other cases where courts have found payroll records assisted in determining numerosity and commonality. JS at 19. Plaintiff conclusorily states "this evidence will show both commonality and numerosity" without explaining how. *Id.* Therefore, while the information may be relevant to calculating damages, requiring broad production of Payroll Records before certification of the class is not appropriate.

Therefore, the Court **DENIES** Plaintiff's Motion for further responses to Requests 32 and 33.

### C. POLICY DOCUMENTS (REQUESTS 35, 37)

Defendant objects to producing compensation policies that are not applicable to Plaintiff. JS at 35. Defendant has already produced all compensation policies applicable to Plaintiff. Dkt. 38-4, Declaration of Jill Porcaro in support of Opposition ("Porcaro Decl.") at ¶ 10. At this time, in order to establish commonality, as Plaintiff seeks to do (JS 28, 34), it appears Plaintiff needs to know who else was subject to the same compensation policies as her. Plaintiff has not explained why she needs any Policy Documents that are different from hers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | September 22, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

Therefore, the Court **DENIES** Plaintiff's Motion for further responses to Requests 35 and 37.

### D. CONTACT INFORMATION (REQUESTS 38, 39)

Plaintiff seeks Contact Information for other persons similarly situated in order to substantiate the class action requirement of commonality. JS at 37. Plaintiff also argues the *Belaire* Notice opt-out procedure she had previously proposed is no longer appropriate, because it "would serve only to delay relevant discovery that can be sufficiently protected" by a protective order. *Id.* at 39.

Defendant objects to producing Contact Information because Plaintiff has not shown (1) how "this evidence is likely to produce substantiation of the class allegations" (JS at 40), and (2) a compelling need for the private contact information (JS at 41). The Court finds the requests for Contact Information is appropriate and likely to assist in establishing commonality.

However, as explained above in Section IV.A.2., Request 38 is limited to Contact Information for non-exempt employees in California during the relevant time period subject to the *specific* Clothing Allotment Policy attached to the Requests.

As to Request 39, Plaintiff has not explained how employees at "Stand-Alone Stores" are similarly situated to herself, when in contrast to "Stand-Alone Stores," "Shop Managers are typically the only Michael Kors employees working at Shop-in-Shop Stores." Torres Decl., at ¶ 6. Therefore, to the extent either party construes the Request as including non-exempt employees at locations other than "Shop-in-Shops," the Court limits Request 39 to Shop Managers employed at "Shop-in-Shops." Defendant offers no adequate explanation as to why information about Shop Managers in Shop-in-Shops other than the one in which Plaintiff worked is not relevant. Instead, it seems to the Court that contact with those individuals could well be useful for Plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23. *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | September 22, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

Lastly, Plaintiff's motion for class certification is due on November 2, 2015. Therefore, there is not sufficient time to allow for a *Belaire* Notice, nor does Defendant argue such a notice would be appropriate. While Defendant is correct that individuals have a privacy interest in not having their names and addresses disclosed to third parties, the Court has balanced Defendant's asserted right to privacy against the relevance and necessity of the information being sought by plaintiff. *See*, *e.g.*, *Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604-05 (C.D.Cal. 1995) (the right to privacy is not absolute, but is "subject to invasion depending upon the circumstances"). In doing so, special attention has been paid to Defendant's concern over its perceived duty to protect its employees, as well as Plaintiff's need to contact potential plaintiffs. As in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981) (abuse of discretion for district court to ban communications concerning class action between parties and potential class members without court approval; "mere possibility of abuses" in class action litigation does not justify communications ban), the Court finds that Plaintiff's needs here outweigh the concerns of Defendant. Plaintiff has shown a legitimate need for the requested information to determine, among other things, whether common questions of law or fact exist and if Plaintiff's claims are typical. The need is especially compelling here where the information to be disclosed concerns not disinterested third parties, but rather potential plaintiffs themselves. This information must be disclosed to enable Plaintiff to proceed; a protective order can strike the appropriate balance between the need for the information and the privacy concerns. *See Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d at 814.

Therefore, the Court **GRANTS** Plaintiff's Motion for further responses to Requests 38 and 39. **No later than September 29, 2015**, the parties shall submit a stipulated proposed protective order. The parties are further directed to the Court's sample stipulated protective order located on the Court's website for a sample of the format of an approved stipulated protective order. The parties are strongly encouraged to use the language contained in the approved stipulated protective order. **No later than close of business on October 5, 2015,** Defendant shall respond to Requests 38 and 39.

**V.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-00369-JGB (KKx) | Date | September 22, 2015 |
|---|---|---|---|
| Title | PAMELA THOMAS-BYASS v. MICHAEL KORS STORES (CALIFORNIA), INC., *et al.* | | |

# **THE PARTIES' MOTIONS FOR SANCTIONS ARE DENIED**

Plaintiff requests sanctions of $2,370.00 pursuant to Rule 37(a)(5)(A), based on expenses incurred in bringing the instant Motion to Compel. *See* JS at 41. Defendant requests sanctions of $4,850.00 pursuant to Rule 37(a)(5)(B), based on expenses incurred in opposing the instant Motion to Compel. *See* JS at 41-42.

Pursuant to Fed. R. Civ. P. 37(a)(5)(C), if a motion is granted in part and denied in part, the court "may . . . apportion the reasonable expenses for the motion." *Id.* A court "must not order" payment of expenses if the objection is substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Applying this standard, the Court finds sanctions are not warranted.

Hence, the Court **DENIES** both Parties' Motions for Sanctions.

# **VI.**
# **CONCLUSION**

**IT IS THEREFORE ORDERED** that (1) Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as detailed above; (2) Plaintiff's Motion for Sanctions as expenses in the sum of $2,370.00 is **DENIED**; (3) Defendant's Motion for Sanctions as expenses in the sum of $4,850.00 is **DENIED**; and (4) the hearing set for September 24, 2015 (Dkt. 38), is hereby **VACATED**.