**BLUMENTHAL, NORDREHAUG & BHOWMIK**
 Norman B. Blumenthal (State Bar #068687)
 Kyle R. Nordrehaug (State Bar #205975)
 Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA THOMAS-BYASS, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL KORS STORES (CALIFORNIA), INC., a California Corporation; and Does 1 through 50, Inclusive,<br><br>        Defendants. | Case No. **5:15-CV-00369-JGB (KKx)**<br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br><br>2.  FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*;<br><br>3.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>4.  FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,<br><br>5.  VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698, *et seq.*].<br><br>6.  FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §§ 201, *et seq.*<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff Pamela Thomas-Byass  ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.     Defendant Michael Kors Stores (California) Inc. ("MICHAEL KORS" or "DEFENDANT") is a corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California.

2.     Michael Kors (USA), Inc. operates as an accessories, footwear, and apparel company in the United States. It offers dresses, tops, jeans and pants, skirts and shorts, outerwear, and swimwear for women; handbags, such as totes, shoulder bags, cross-body bags, satchels, and clutches; shoes, including sandals, pumps, wedges, flats, boots and booties, and sneakers; and watches and jewelry. The company also offers accessories, such as wallets and wristlets, tech accessories, small accessories, scarves, sunglasses, belts, and fragrance and beauty products; gifts; and knit tops and shirts, sweaters, pants and shorts, jackets and outerwear, watches, bags, and cologne products for men. It sells its products through stores and online. Michael Kors (USA), Inc. was founded in 1981. Defendant Michael Kors Stores (California), Inc. operates as a subsidiary of Michael Kors (USA), Inc.

3.     PLAINTIFF was employed by MICHAEL KORS in California as a non-exempt employee entitled to overtime pay and meal and rest periods from August of 2012 to June of 2014.  PLAINTIFF was at all times relevant mentioned herein classified by MICHAEL KORS as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from MICHAEL KORS in the form of non-discretionary bonus wages.

1    4.    PLAINTIFF brings this Class Action on behalf of herself and a California

2  class, defined as all individuals who are or previously were employed by DEFENDANT

3  in California classified as non-exempt employees (the "CALIFORNIA CLASS") at any

4  time during the period beginning four (4) years prior to the filing of this Complaint and

5  ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

6  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members

7  is under five million dollars ($5,000,000.00).

8    5.    State law provides that employees must be paid overtime at one-and-one-

9  half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS

10  Members were compensated at an hourly rate plus bonus pay that was tied to specific

11  elements of an employee's performance.

12    6.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

13  Members' compensation was MICHAEL KOR's non-discretionary bonus program that

14  paid the PLAINTIFF and other CALIFORNIA CLASS Members bonus wages based on

15  their performance for MICHAEL KORS.  The non-discretionary bonus program

16  provided all employees paid on an hourly basis with bonus compensation when the

17  employees met the various performance goals set by MICHAEL KORS.  However, when

18  calculating the regular rate of pay in order to pay overtime to PLAINTIFF and other

19  CALIFORNIA CLASS Members, MICHAEL KORS failed to include the bonus

20  compensation as part of the employees' "regular rate of pay" for purposes of calculating

21  overtime pay.  Management and supervisors described the bonus program to potential

22  and new employees as part of the compensation package.  As a matter of law, the bonus

23  compensation received by the PLAINTIFF and other CALIFORNIA CLASS Members

24  must be included in the "regular rate of pay."  The failure to do so has resulted in a

25  systematic underpayment of overtime compensation to PLAINTIFF and other

26  CALIFORNIA CLASS Members by MICHAEL KORS.

27    7.    PLAINTIFF brings this Class Action on behalf of herself and a

28

3

SECOND AMENDED CLASS ACTION COMPLAINT

CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by MICHAEL KORS' uniform policy and practice which fails to lawfully compensate these employees for all their overtime worked. MICHAEL KORS uniform policy and practice alleged herein is an unlawful, unfair and deceptive business practice whereby MICHAEL KORS retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by MICHAEL KORS in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by MICHAEL KORS' past and current unlawful conduct, and all other appropriate legal and equitable relief.

8. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Fed. R. Civ. Proc. 17. The PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

9. The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the

1    PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained

2    as a proximate result of the conduct of the Defendants' agents, servants and/or

3    employees.

4

5                                    **THE CONDUCT**

6            10.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and

7    continues to fail to accurately calculate and pay PLAINTIFF and the other members of

8    the CALIFORNIA CLASS for their overtime worked.  DEFENDANT systematically,

9    unlawfully and unilaterally failed to accurately calculate wages for overtime worked by

10   the PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid

11   paying these employees the correct overtime compensation.  As a result, the PLAINTIFF

12   and the other members of the CALIFORNIA CLASS forfeited wages due them for

13   working overtime without compensation at the correct overtime rates.  DEFENDANT's

14   uniform policy and practice to not pay the members of the CALIFORNIA CLASS the

15   correct overtime rate for all overtime worked in accordance with applicable law is

16   evidenced by DEFENDANT's business records.

17           11.    In violation of the applicable sections of the California Labor Code and the

18   requirements of the Industrial Welfare Commission ("IWC") Wage Order,

19   DEFENDANT as a matter of company policy, practice and procedure, intentionally,

20   knowingly and systematically failed to compensate the PLAINTIFF and the other

21   members of the CALIFORNIA CLASS at the correct rate of pay for all overtime worked.

22   This uniform policy and practice of DEFENDANT is intended to purposefully avoid the

23   payment of the correct overtime compensation as required by California law which

24   allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors

25   who complied with the law.  To the extent equitable tolling operates to toll claims by the

26   CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD

27   should be adjusted accordingly.

28

12.   When PLAINTIFF and other CALIFORNIA CLASS Members worked overtime in the same pay period they earned bonus wages and/or missed meal breaks, DEFENDANT also failed to provide the PLAINTIFF and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and rest periods.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  As a result, from time to time DEFENDANT provided the PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

13.   As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take off duty meal and rest breaks and were not fully relieved of duty for meal periods.  PLAINTIFF and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving a meal break as evidenced by daily time reports for these employees. PLAINTIFF and the other CALIFORNIA CLASS Members therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

14.   During the CALIFORNIA CLASS PERIOD, DEFENDANT did not have in place an immutable timekeeping system to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked, including overtime worked.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required o pay PLAINTIFF and other CALIFORNIA

1  CLASS Members for all time worked, meaning the time during which an employee is
2  subject to the control of an employer, including all the time the employee is suffered or
3  permitted to work. DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS
4  Members to work off the clock without paying them for all the time they are under
5  DEFENDANT's control performing post-shift duties, specifically by failing to provide
6  enough labor hours to accomplish all the job tasks that DEFENDANT expects
7  PLAINTIFF and CALIFORNIA CLASS Members to complete. PLAINTIFF and
8  CALIFORNIA CLASS Members are required to clock out of DEFENDANT's
9  timekeeping system in order to perform additional work for DEFENDANT as required
10 to meet DEFENDANT's job requirements. As a result, the PLAINTIFF and other
11 CALIFORNIA CLASS Members forfeit time worked by working without their time
12 being accurately recorded and without compensation at the applicable overtime rates.

13      15.    California Labor Code Section 558 provides that "[a]ny employer or other
14 person acting on behalf of an employer who violates, or causes to be violated, a section
15 of this chapter or any provision regulating hours and days of work in any order of the
16 Industrial Welfare Commission shall be subject to a civil penalty." The penalty for the
17 initial violation is "fifty dollars ($50) for each underpaid employee for each pay period
18 for which the employee was underpaid in addition to an amount sufficient to recover
19 underpaid wages." The penalty for each subsequent violation is "one hundred dollars
20 ($100) for each underpaid employee for each pay period for which the employee was
21 underpaid in addition to an amount sufficient to recover underpaid wages."

22      16.    Here, DEFENDANT knowingly caused a violation of the California Labor
23 Code by directing its employees to alter the time records, or "shave" the time worked by
24 PLAINTIFF and other CALIFORNIA CLASS Members in order to avoid paying these
25 employees for all their time worked, including overtime worked and missed meal breaks.
26 DEFENDANT, through its agents, engages in the unlawful alteration of CALIFORNIA
27 CLASS Members' time records in order to reduce the time logged so as to not accurately
28

1    reflect their actual time worked.  As a direct result of DEFENDANT's conduct,
2    PLAINTIFF and other CALIFORNIA CLASS Members are underpaid for all time
3    worked, including overtime worked, throughout their employment with DEFENDANT.

4          17.    To ensure that DEFENDANT's stores are efficiently run, DEFENDANT
5    required PLAINTIFF and CALIFORNIA CLASS Members to prepare and produce to
6    DEFENDANT's management    mandatory "Sales Reports" on a daily basis.
7    DEFENDANT did not allow PLAINTIFF and other CALIFORNIA CLASS Members
8    to prepare these reports during their normal work hours and as a result, PLAINTIFF and
9    CALIFORNIA CLASS Members completed these reports off the clock, and were not
10   compensated for any of their time spent preparing the daily Sales Reports.
11   DEFENDANT failed to compensate PLAINTIFF and CALIFORNIA CLASS Members
12   for the time spent working while preparing the daily Sales Reports.  As a direct result of
13   DEFENDANT's conduct, PLAINTIFF and other CALIFORNIA CLASS Members are
14   underpaid for all time worked, including overtime worked, throughout their employment
15   with DEFENDANT.

16         18.    By reason of this uniform conduct applicable to PLAINTIFF and all
17   CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition
18   in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200,
19   *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed
20   to accurately calculate and record the correct overtime rate for the overtime worked by
21   the PLAINTIFF and other CALIFORNIA CLASS Members.  The proper calculation of
22   these employees' overtime hour rates is the DEFENDANT's burden.  As a result of
23   DEFENDANT's intentional disregard of the obligation to meet this burden,
24   DEFENDANT failed to properly calculate and/or pay all required overtime
25   compensation for work performed by the members of the CALIFORNIA CLASS and
26   violated the California Labor Code and regulations promulgated thereunder as herein
27   alleged.

28

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

19.     Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to her in the form of two components.  One component of PLAINTIFF's compensation was a base hourly wage.  The second component of the PLAINTIFF's compensation was a non-discretionary bonus wage.  DEFENDANT paid the bonus wage, so long as the PLAINTIFF met certain predefined performance requirements.  PLAINTIFF met DEFENDANT's predefined eligibility performance requirements in various pay periods throughout her employment with DEFENDANT and DEFENDANT paid PLAINTIFF the bonus wage.  During these pay periods in which PLAINTIFF was paid the non-discretionary bonus wages by DEFENDANT, PLAINTIFF also worked overtime for DEFENDANT, but DEFENDANT never included the bonus compensation in PLAINTIFF's regular rate of pay for the purposes of calculating what should have been PLAINTIFF's accurate overtime rate and thereby underpaid the PLAINTIFF for overtime worked throughout her employment with DEFENDANT.  The bonus compensation paid by DEFENDANT constituted wages within the meaning  of the California Labor Code and thereby should have been part of PLAINTIFF's "regular rate of pay."  PLAINTIFF was also from time to time required to perform work as ordered by the DEFENDANT for more than five (5) hours during a shift without receiving a meal or rest break as evidenced by daily time reports for PLAINTIFF.  This practice is a direct result of DEFENDANT's uniform policy and practice of denying PLAINTIFF uninterrupted, off duty thirty (30) minute meal breaks prior to her fifth (5th) hour of work each day.  PLAINTIFF therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.  When PLAINTIFF worked overtime in the same pay period she earned bonus wages and/or missed meal breaks, DEFENDANT also provided PLAINTIFF with a paystub that failed to accurately display PLAINTIFF's correct rates of overtime pay for certain pay periods in violation of Cal. Lab. Code § 226(a).  To date, DEFENDANT has not fully paid PLAINTIFF the overtime compensation still owed to her or any penalty wages owed to

her under Cal. Lab. Code § 203.   The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

20.   PLAINTIFF brings this Class Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3) on her own behalf, and on behalf of all persons within the CALIFORNIA CLASS as defined above.

21.   Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391 because (i)DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district.  Venue is also proper in this district because the complaint was initially filed in the Superior Court of California, County of San Bernardino, but was later removed by DEFENDANT to this Court.

## THE CALIFORNIA CLASS

22.   PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").   The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

23.   To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

SECOND AMENDED CLASS ACTION COMPLAINT

1   accordingly.

2        24.    The California Legislature has commanded that "all wages... ...earned by

3   any person in any employment are due and payable twice during each calendar month,

4   on days designated in advance by the employer as the regular paydays", and further that

5   "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours

6   in any one workweek . . . shall be compensated at the rate of no less than one and one-

7   half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The

8   Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish

9   exemptions from the requirement that an overtime rate of compensation be paid... ...for

10   executive, administrative, and professional employees, provided [inter alia] that the

11   employee is primarily engaged in duties that meet the test of the exemption, [and]

12   customarily and regularly exercises discretion and independent judgment in performing

13   those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFF nor the other members

14   of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify

15   for exemption from the above requirements.

16        25.    DEFENDANT, as a matter of company policy, practice and procedure, and

17   in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC")

18   Wage Order requirements, and the applicable provisions of California law, intentionally,

19   knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically

20   failed to correctly calculate and record overtime compensation for overtime worked by

21   PLAINTIFF and the other members of the CALIFORNIA CLASS, even though

22   DEFENDANT enjoyed the benefit of this work, required employees to perform this

23   work and permitted or suffered to permit this overtime work.

24        26.    DEFENDANT has the legal burden to establish that each and every

25   CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and

26   to accurately calculate the "regular rate of pay" by including the bonus compensation

27   that PLAINTIFF and members of the CALIFORNIA CLASS were awarded by

28

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

DEFENDANT.  The DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime worked, so as to satisfy their burden.  This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

27.   At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq*.  At no time during the CALIFORNIA CLASS PERIOD was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq*.

28.   The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

29.   DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

(a)   Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that fail to pay all wages due the CALIFORNIA CLASS for all overtime worked, and fail to accurately record the applicable rates of all overtime worked by the CALIFORNIA CLASS;

(b)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§

12

SECOND AMENDED CLASS ACTION COMPLAINT

17200, *et seq.*, by unlawfully, unfairly, and/or deceptively having in place a company policy, practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFF and the members of the CALIFORNIA CLASS; and,

(c) Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and/or rest breaks to the PLAINTIFF and the CALIFORNIA CLASS members.

30. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a) The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was a non-exempt employee paid on an hourly basis who has been subjected to the DEFENDANT's practice and policy which fails to pay the correct overtime wages due to the CALIFORNIA CLASS for all overtime worked by the CALIFORNIA CLASS and thereby systematically underpays overtime compensation to the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as

a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

31.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to

SECOND AMENDED CLASS ACTION COMPLAINT

1          protect their interests.

2     (b)   The parties opposing the CALIFORNIA CLASS have acted or

3          refused to act on grounds generally applicable to the CALIFORNIA

4          CLASS, making appropriate class-wide relief with respect to the

5          CALIFORNIA CLASS as a whole in that DEFENDANT uniformly

6          failed to pay all wages due. Including the correct overtime rate, for

7          all worked by the members of the CALIFORNIA CLASS as required

8          by law;

9          1)   With respect to the First Cause of Action, the final relief on

10              behalf of the CALIFORNIA CLASS sought does not relate

11              exclusively to restitution because through this claim

12              PLAINTIFF seeks declaratory relief holding that the

13              DEFENDANT's policy and practices constitute unfair

14              competition, along with declaratory relief, injunctive relief,

15              and incidental equitable relief as may be necessary to prevent

16              and remedy the conduct declared to constitute unfair

17              competition;

18     (c)   Common questions of law and fact exist as to the members of the

19          CALIFORNIA CLASS, with respect to the practices and violations

20          of California law as listed above, and predominate over any question

21          affecting only individual CALIFORNIA CLASS Members, and a

22          Class Action is superior to other available methods for the fair and

23          efficient adjudication of the controversy, including consideration of:

24          1)   The interests of the members of the CALIFORNIA CLASS in

25              individually controlling the prosecution or defense of separate

26              actions in that the substantial expense of individual actions

27              will be avoided to recover the relatively small amount of

28

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3).

32.     This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)     The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

1    (g)    DEFENDANT has acted or refused to act on grounds generally
2           applicable to the CALIFORNIA CLASS, thereby making final class-
3           wide relief appropriate with respect to the CALIFORNIA CLASS as
4           a whole;
5    (h)    The members of the CALIFORNIA CLASS are readily ascertainable
6           from the business records of DEFENDANT.  The CALIFORNIA
7           CLASS consists of all individuals who are or previously were
8           employed by DEFENDANT in California classified as non-exempt
9           employees during the CALIFORNIA CLASS PERIOD; and,
10   (i)    Class treatment provides manageable judicial treatment calculated to
11          bring a efficient and rapid conclusion to all litigation of all wage and
12          hour related claims arising out of the conduct of DEFENDANT as
13          to the members of the CALIFORNIA CLASS.

14   33.    DEFENDANT maintains records from which the Court can ascertain and
15   identify by job title each of DEFENDANT's employees who as have been
16   systematically, intentionally and uniformly subjected to DEFENDANT's company
17   policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend
18   the Complaint to include any additional job titles of similarly situated employees when
19   they have been identified.

20

21               **THE CALIFORNIA LABOR SUB-CLASS**

22   34.    PLAINTIFF further brings the Second, Third, and Fourth Causes of Action
23   on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS
24   classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any
25   time during the period three (3) years prior to the filing of the complaint and ending on
26   the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS
27   PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3). The amount in controversy

28

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

1    for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five

2    million dollars ($5,000,000.00).

3        35.    DEFENDANT, as a matter of company policy, practice and procedure, and

4    in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC")

5    Wage Order requirements, and the applicable provisions of California law, intentionally,

6    knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to

7    correctly calculate overtime compensation for the overtime worked by the PLAINTIFF

8    and the other members of the CALIFORNIA LABOR SUB-CLASS, even though

9    DEFENDANT enjoyed the benefit of this work, required employees to perform this

10   work and permitted or suffered to permit this overtime work.   DEFENDANT has

11   uniformly denied these CALIFORNIA LABOR SUB-CLASS Members overtime wages

12   at the correct amount to which these employees are entitled in order to unfairly cheat the

13   competition and unlawfully profit.  To the extent equitable tolling operates to toll claims

14   by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA

15   LABOR SUB-CLASS PERIOD should be adjusted accordingly.

16       36.    DEFENDANT maintains records from which the Court can ascertain and

17   identify by name and job title, each of DEFENDANT's employees who have been

18   systematically, intentionally and uniformly subjected to DEFENDANT's company

19   policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend

20   the complaint to include any additional job titles of similarly situated employees when

21   they have been identified.

22       37.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of

23   all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

24       38.    Common questions of law and fact exist as to members of the

25   CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

26              (a)    Whether DEFENDANT unlawfully fails to correctly calculate and

27                     pay overtime compensation to members of the CALIFORNIA

28

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

(c)    Whether DEFENDANT fails to accurately record the applicable overtime rates for all overtime worked by the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS;

(d)    Whether DEFENDANT fails to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(e)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(f)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(g)    Whether DEFENDANT's conduct was willful.

39.    DEFENDANT, as a matter of company policy, practice and procedure, failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the applicable overtime rates for the overtime worked by these employees.  All of the CALIFORNIA LABOR SUB-CLASS Members, including the PLAINTIFF, were non-exempt employees who were paid on an hourly basis, were paid for overtime worked, and were paid additional non-discretionary bonus wages by DEFENDANT according to uniform and systematic company procedures as alleged herein above.  This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

40.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-

20

1  CLASS under California law by:

2          (a)   Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay
3                the PLAINTIFF and the members of the CALIFORNIA LABOR
4                SUB-CLASS the correct overtime pay for which DEFENDANT is
5                liable pursuant to Cal. Lab. Code § 1194;

6          (b)   Violating Cal. Lab. Code § 226, by failing to provide the
7                PLAINTIFF and the members of the CALIFORNIA LABOR SUB-
8                CLASS with an accurate itemized statement in writing showing all
9                accurate and applicable overtime rates in effect during the pay period
10               and the corresponding amount of time worked at each overtime rate
11               by the employee; and,

12         (c)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides
13               that when an employee is discharged or quits from employment, the
14               employer must pay the employee all wages due without abatement,
15               by failing to tender full payment and/or restitution of wages owed or
16               in the manner required by California law to the members of the
17               CALIFORNIA LABOR SUB-CLASS who have terminated their
18               employment.

19     41.   This Class Action meets the statutory prerequisites for the maintenance of
20  a Class Action as set forth in Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

21         (a)   The persons who comprise the CALIFORNIA LABOR SUB-CLASS
22               are so numerous that the joinder of all CALIFORNIA LABOR SUB-
23               CLASS Members is impracticable and the disposition of their claims
24               as a class will benefit the parties and the Court;

25         (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief
26               issues that are raised in this Complaint are common to the
27               CALIFORNIA LABOR SUB-CLASS and will apply uniformly to

28

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

1            every member of the CALIFORNIA LABOR SUB-CLASS;

2     (c)    The claims of the representative PLAINTIFF are typical of the

3            claims of each member of the CALIFORNIA LABOR SUB-CLASS.

4            PLAINTIFF, like all the other members of the CALIFORNIA

5            LABOR SUB-CLASS, was a non-exempt employee paid on an

6            hourly basis and paid an additional non-discretionary bonus wage

7            who has been subjected to the DEFENDANT's practice and policy

8            which fails to pay the correct rate of overtime wages due to the

9            CALIFORNIA LABOR SUB-CLASS for all overtime worked.

10            PLAINTIFF sustained economic injury as a result of

11            DEFENDANT's employment practices.  PLAINTIFF and the

12            members of the CALIFORNIA LABOR SUB-CLASS were and are

13            similarly or identically harmed by the same unlawful, deceptive,

14            unfair and pervasive pattern of misconduct engaged in by

15            DEFENDANT; and,

16     (d)    The representative PLAINTIFF will fairly and adequately represent

17            and protect the interest of the CALIFORNIA LABOR SUB-CLASS,

18            and has retained counsel who are competent and experienced in

19            Class Action litigation.  There are no material conflicts between the

20            claims of the representative PLAINTIFF and the members of the

21            CALIFORNIA LABOR SUB-CLASS that would make class

22            certification inappropriate.  Counsel for the CALIFORNIA LABOR

23            SUB-CLASS will vigorously assert the claims of all CALIFORNIA

24            LABOR SUB-CLASS Members.

25     42.    In addition to meeting the statutory prerequisites to a Class Action, this

26 action is properly maintained as a Class Action pursuant to Fed R. Civ. Proc. 23(b)(2)

27 and/or (3), in that:

28

SECOND AMENDED CLASS ACTION COMPLAINT

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)      Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)      Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the

Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3).

43.   This Court should permit this action to be maintained as a Class Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)   The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and

SECOND AMENDED CLASS ACTION COMPLAINT

equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

# FIRST CAUSE OF ACTION

## For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq*.]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

44.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 43 of this Complaint.

45.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

46.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

47.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 226.7, 510, 512, 1194, 1198, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

48.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive,

27

1    unscrupulous or substantially injurious to employees, and were without valid

2    justification or utility for which this Court should issue equitable and injunctive relief

3    pursuant to Section 17203 of the California Business & Professions Code, including

4    restitution of wages wrongfully withheld.

5        49.    By the conduct alleged herein, DEFENDANT's practices were deceptive

6    and fraudulent in that DEFENDANT's uniform policy and practice failed to pay

7    PLAINTIFF, and other members of the CALIFORNIA CLASS, wages due for overtime

8    worked, failed to accurately to record the applicable rate of all overtime worked, and

9    failed to provide the required amount of overtime compensation due to a systematic

10   miscalculation of the overtime rate that cannot be justified, pursuant to the applicable

11   Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal.

12   Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and

13   equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of

14   wages wrongfully withheld.

15       50.    By the conduct alleged herein, DEFENDANT's practices were also

16   unlawful, unfair and deceptive in that DEFENDANT's employment practices caused the

17   PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid

18   during their employment with DEFENDANT.

19       51.    By the conduct alleged herein, DEFENDANT's practices were also unfair

20   and deceptive in that DEFENDANT's uniform policies, practices and procedures failed

21   to provide mandatory meal and/or rest breaks to the PLAINTIFF and the CALIFORNIA

22   CLASS members.

23       52.    Therefore, the PLAINTIFF demands on behalf of herself and on behalf of

24   each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an

25   off-duty meal period was not timely provided for each five (5) hours of work, and/or one

26   (1) hour of pay for each workday in which a second off-duty meal period was not timely

27   provided for each ten (10) hours of work.

28

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

53.     PLAINTIFF further demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

54.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all overtime  worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

55.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

56.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all overtime worked.

57.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

58.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no

29

1  plain, speedy and/or adequate remedy at law that will end the unlawful and unfair

2  business practices of DEFENDANT.  Further, the practices herein alleged presently

3  continue to occur unabated.  As a result of the unlawful and unfair business practices

4  described herein, the PLAINTIFF and the other members of the CALIFORNIA CLASS

5  have suffered and will continue to suffer irreparable legal and economic harm unless

6  DEFENDANT is restrained from continuing to engage in these unlawful and unfair

7  business practices.

8

9  **SECOND CAUSE OF ACTION**

10  **For Failure To Pay Overtime Compensation**

11  **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

12  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

13  **Defendants)**

14  59.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

15  CLASS, reallege and incorporate by this reference, as though fully set forth herein,

16  paragraphs 1 through 58 of this Complaint.

17  60.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

18  CLASS bring a claim for DEFENDANT's willful and intentional violations of the

19  California Labor Code and the Industrial Welfare Commission requirements for

20  DEFENDANT's failure to accurately calculate the applicable rates for all overtime

21  worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS

22  and DEFENDANT's failure to properly compensate the members of the CALIFORNIA

23  LABOR SUB-CLASS for overtime worked, including, work performed in excess of

24  eight (8) hours in a workday and/or forty (40) hours in any workweek.

25  61.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

26  public policy, an employer must timely pay its employees for all hours worked.

27  62.    Cal. Lab. Code § 510 further provides that employees in California shall not

28

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

63.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

64.    DEFENDANT maintained a uniform wage practice of paying the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct applicable overtime rate for their overtime worked.  As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for all overtime worked.

65.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

66.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculates the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

67.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

68.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, the PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

69.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

70.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

71.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, the PLAINTIFF and the other members of

1    the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

2    economic injury in amounts which are presently unknown to them and which will be

3    ascertained according to proof at trial.

4        72.    DEFENDANT knew or should have known that the PLAINTIFF and the

5    other members of the CALIFORNIA LABOR SUB-CLASS were under compensated

6    for their overtime worked.  DEFENDANT systematically elected, either through

7    intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a

8    matter of uniform company policy, practice and procedure, and DEFENDANT

9    perpetrated this systematic scheme by refusing to pay the PLAINTIFF and the other

10   members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

11       73.    In performing the acts and practices herein alleged in violation of California

12   labor laws, and refusing to compensate the members of the CALIFORNIA LABOR

13   SUB-CLASS for all time worked and provide them with the requisite overtime

14   compensation, DEFENDANT acted and continues to act intentionally, oppressively, and

15   maliciously toward the PLAINTIFF and the other members of the CALIFORNIA

16   LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or

17   the consequences to them, and with the despicable intent of depriving them of their

18   property and legal rights, and otherwise causing them injury in order to increase

19   company profits at the expense of these employees.

20       74.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

21   CLASS therefore request recovery of all unpaid wages, including overtime wages,

22   according to proof, interest, statutory costs, as well as the assessment of any statutory

23   penalties against DEFENDANT, in a sum as provided by the California Labor Code

24   and/or other applicable statutes.  To the extent overtime compensation is determined to

25   be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated

26   their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or

27   202, and therefore these individuals are also be entitled to waiting time penalties under

28

Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, the PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

75.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 74 of this Complaint.

76.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

77.     When PLAINTIFF and other CALIFORNIA CLASS Members worked overtime in the same pay period they earned bonus wages and/or missed meal breaks, DEFENDANT violated Cal. Lab. Code § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the effective overtime rates of pay for overtime worked by the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and thereby also failed to set forth the correct overtime wages earned by the employees.

78.     DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct rates for the overtime worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate.  Therefore, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for the PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

## FOURTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

79.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 78 of this Complaint.

80.     Cal. Lab. Code § 200 provides that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

81.     Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

82.     Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

83.     There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

84.     Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an

36

employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

85.     The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of overtime wages, to these employees who actually worked overtime, as required by law.

86.     Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who worked overtime and earned bonus wages in the same pay period, PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## FIFTH CAUSE OF ACTION

### For Violation of the Private Attorneys General Act

### [Cal. Lab. Code §§ 2698, *et seq.*]

### (By PLAINTIFF and Against All Defendants)

87.     PLAINTIFF incorporates by reference the allegations set forth in paragraphs 1-86, supra, as though fully set forth at this point.

88.     PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys

37

SECOND AMENDED CLASS ACTION COMPLAINT

1    general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1.

2    Accordingly, PAGA claims cannot be subject to arbitration.

3        89.    PLAINTIFF brings this Representative Action on behalf of the State of

4    California with respect to herself and all individuals who are or previously were

5    employed by DEFENDANT in California and classified as non-exempt employees

6    during the time period of December 23, 2013 until the present (the "AGGRIEVED

7    EMPLOYEES"). PLAINTIFF and the other AGGRIEVED EMPLOYEES regularly

8    worked overtime for which they were not compensated as required by California law.

9        90.    On January 28, 2015, PLAINTIFF gave written notice by certified mail to

10   the Labor and Workforce Development Agency (the "Agency") and the employer of the

11   specific provisions of this code alleged to have been violated as required by Labor Code

12   § 2699.3. *See* Exhibit #1, attached hereto and incorporated by this reference herein. The

13   statutory waiting period for PLAINTIFF to add these allegations to the Complaint has

14   expired.  As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a

15   representative civil action under PAGA pursuant to Section 2699 as the proxy of the

16   State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

17       91.    The policies, acts and practices heretofore described were and are an

18   unlawful business act or practice because Defendant (a) failed to properly record and pay

19   PLAINTIFF and the other AGGRIEVED EMPLOYEES for all of their time worked,

20   including overtime worked in violation of the Wage Order, (b) failed to provide accurate

21   itemized wage statements, (c) failed to provide adequate meal periods, and (d) failed to

22   timely pay wages, all in violation of the applicable Labor Code sections listed in Labor

23   Code §2699.5, including but not limited to Labor Code §§ 204, 226(a), 226.7, 256, 510,

24   512 1194, 1198, and the applicable Industrial Wage Order(s), and thereby gives rise to

25   statutory penalties as a result of such conduct.  PLAINTIFF hereby seeks recovery of

26   civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as

27   the representative of the State of California for the illegal conduct perpetrated on

28

1   PLAINTIFF and the other AGGRIEVED EMPLOYEES.

2

3   <center>**SIXTH CAUSE OF ACTION**</center>

4   <center>**For Failure to Pay Overtime Compensation**</center>

5   <center>**[Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.]**</center>

6   <center>**(By PLAINTIFF and the COLLECTIVE CLASS and against All Defendants)**</center>

7        92.    PLAINTIFF and the COLLECTIVE CLASS members reallege and

8   incorporate by this reference, as though fully set forth herein, paragraphs 1 through 91

9   of this Complaint.

10        93.    DEFENDANT is engaged in communication, business, and transmission

11   between the states, and is, therefore, engaged in commerce within the meaning of 29

12   U.S.C. § 203(b).

13        94.    PLAINTIFF further brings the Sixth Cause of Action on behalf of a

14   COLLECTIVE CLASS in accordance with 29 U.S.C. § 216, which consists of all

15   individuals who were employed in California by Michael Kors Stores (California), Inc.,

16   Michael Kors (USA), Inc. or its affiliated entities as non-exempt employees during the

17   applicable class period.

18        95.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to

19   willful violations of the FLSA.

20        96.    29 U.S.C. § 207(a)(1) provides in pertinent part:

21        Except as otherwise provided in this section, no employer shall employ any
22        of his employees who in any workweek is engaged in commerce or in the
          production of goods for commerce, or is employed in an enterprise engaged
23        in commerce or in the production of goods for commerce, for a workweek
          longer than forty hours unless such employee receives compensation for his
24        employment in excess of the hours above specified at a rate not less than
          one and one-half times the regular rate at which he is employed.

25        97.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement

26   does not apply to:

27        any employee employed in a bona fide executive, administrative, or

28

<center>39</center>

professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

98.    DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly failinng to pay overtime compensation to non-exempt employees.  This was done in an illegal attempt to avoid the payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

99.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*., PLAINTIFF and the COLLECTIVE CLASS members are entitled to overtime compensation for all overtime hours actually worked, at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.  DEFENDANT's failure to pay overtime wages as required by federal law was willful and not in good faith.

100.    The exemptions of the FLSA as listed in section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to PLAINTIFF and the other members of the COLLECTIVE CLASS

105.    During the COLLECTIVE CLASS PERIOD, PLAINTIFF and the COLLECTIVE CLASS members worked more than forty (40) hours in a workweek.

106.    At all relevant times, DEFENDANT failed to pay PLAINTIFF and the COLLECTIVE CLASS members overtime compensation for all of the hours they have worked in excess of the maximum hours permissible by law as required by Section 207 of the FLSA, even though PLAINTIFF and the COLLECTIVE CLASS members were regularly required to work, and did in fact work, overtime hours.

107. For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANT were and are uniform throughout California in all respects material to the claims asserted in this Complaint.

108. There are no other exemptions applicable to PLAINTIFF and/or to the members of the COLLECTIVE CLASS.

109. As a result of DEFENDANT's failure to pay overtime compensation for overtime hours worked, as required by the FLSA, PLAINTIFF and the COLLECTIVE CLASS members were damaged in an amount to be proven at trial.

110. Therefore, PLAINTIFF demands that PLAINTIFF and the COLLECTIVE CLASS members be paid overtime compensation as required by the FLSA for every hour of overtime worked in any workweek for which they were not compensated, plus interest and statutory costs as provided by law.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

   A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3);

   B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

   C) An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

   D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations

41

due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

A) That the Court certify the Second, Third, and Fourth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3);

B) Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226; and,

D) The wages of all terminated employees from the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3. On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

A) Recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004.

4. On all claims:

A) An award of interest, including prejudgment interest at the legal rate;

42

SECOND AMENDED CLASS ACTION COMPLAINT

1    B)    Such other and further relief as the Court deems just and equitable; and,

2    C)    An award of penalties, attorneys' fees and cost of suit, as allowable under

3          the law, including, but not limited to, pursuant to Labor Code §218.5, §226,

4          and/or §1194.

5

6    Dated:   August 12, 2016          BLUMENTHAL, NORDREHAUG & BHOWMIK

7                                      By:  */s/Norman B. Blumenthal*
                                            Norman B. Blumenthal
8                                           Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2        PLAINTIFF demands a jury trial on issues triable to a jury.

3

4    Dated:   August 12, 2016          BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6                                      By:   */s/Norman B. Blumenthal*
                                             Norman B. Blumenthal
7                                            Attorneys for Plaintiff

8

9

10

11

12

13

14

15    K:\D\Dropbox\Pending Litigation\Michael Kors - Thomas - Byass\p-SAC-FINAL.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT #1

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:15-CV-00369-JGB (KKx)

FACSIMILE
(858) 551-1232

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 CALLE CLARA
LA JOLLA,  CALIFORNIA 92037
GENERAL E-MAIL: bam@bamlawlj.com
Web Site: www.bamlawca.com

TELEPHONES
(858) 551-1223

WRITERS E-MAIL:
Nick@bamlawca.com

WRITERS EXT:
5

January 28, 2015
CA992

## VIA CERTIFIED MAIL

Labor and Workforce Development
Agency
Certified Mail # 70131710000237458940
800 Capitol Mall, Suite 5000 MIC-55
Sacramento, CA 95814

Michael Kors Stores (California), Inc.
Certified Mail # 70131710000237458933
CT Corporation System
818 W. Seventh Street, 2nd Floor
Los Angeles, CA 90017

Re:     Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1194, 1198, Violation of the Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiff Pamela Thomas-Byass (the "Plaintiff"), and other aggrieved employees in a lawsuit against Michael Kors Stores (California), Inc. ("Defendant").  Plaintiff was employed as a Shop Manager from August of 2012 to June of 2014 and was classified as a salaried employee exempt from receiving overtime wages and the legally required meal and rest periods.  Defendant, however, unlawfully failed to record and pay Plaintiff and other aggrieved employees for all of the time they worked, including overtime worked.  To date, Defendant has not fully paid the Plaintiff for all her overtime wages still owed to her or any penalty wages owed to her under California Labor Code § 203. As a consequence of the aforementioned violations, the Plaintiff furthers contends that Defendant failed to provide accurate wage statements to her, and other aggrieved employees, in violation of California Labor Code § 226(a).  Said conduct, in addition to the foregoing, violates Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1194, 1198, Violation of the Applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code § 2699.3.

A true and correct copy of the Complaint filed by Plaintiff against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant is attached hereto.  This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein.  If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable the Plaintiff to proceed with the complaint filed in the San Bernardino County Superior Court Case No. CIV DS1419114, against Defendant as authorized by California Labor Code § 2695, *et seq*.  The pending lawsuit consists of other aggrieved employees.  As counsel, our intention is to vigorously prosecute the claims as alleged in the complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees.

Your earliest response to this notice is appreciated.  If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

*/s/Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

K:\D\Dropbox\Pending Litigation\Freebirds - Harley\l-paga-01.wpd